UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CECILIA EFEM,

                                    Plaintiff,

   -against-

CITY OF NEW YORK, JUSTIN SHAMBARGER, Individually, STEVEN CARO, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

-----------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT -7 2011 ★
BROOKLYN OFFICE

**COMPLAINT**

Docket No.

CV11-4902

Jury Trial Demanded

SUMMONS ISSUED
GERSHON, J
REYES, M.J

      Plaintiff CECILIA EFEM, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CECILIA EFEM is a fifty year old African American woman who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JUSTIN SHAMBARGER, STEVEN CARO, and JOHN and JANE DOE 1 through 10 (the names John and Jane Doe being fictitious, as the true names are presently unknown), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. They are sued herein in their individual and/or personal capacities.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On October 10, 2008, at approximately 11:25 p.m., plaintiff Cecilia Efem was driving home after visiting her now deceased husband, who at the time resided in a nursing home.

13. Mrs. Efem encountered an excessively slow moving vehicle, which she followed for a period of time, before coming to an area in the road where she could safely pass the vehicle.

14. After safely passing the vehicle, Mrs. Efem heard police sirens. In response, she pulled over in the vicinity of Victory Boulevard and Silver Lake Road.

15. Defendant Shamberger, an on duty NYPD officer, approached Mrs. Efem and requested her identification and registration.

16. Mrs. Efem retrieved her driver's license from her pocketbook and handed it to defendant Shamberger. Mrs. Efem indicated that she wasn't sure if she had her registration in her possession.

17. Defendant Caro then stated, in sum and substance, that defendant Shamberger had asked for plaintiff's driver's license, registration, and insurance card. Mrs. Efem responded, in sum and substance, he only asked for my registration.

18. Mrs. Efem then reached toward her glove box and retrieved her insurance card and registration, which she discovered was in fact in her glove box.

19. Without giving Mrs. Efem a chance to hand her insurance card and registration to defendant Shamberger, defendant Caro grabbed Mrs. Efem, forcefully removed her from her driver's seat, slammed her into her car, grabbed, pulled, and twisted her wrists, arms, and

shoulders, handcuffed her with over tight handcuffs, and stated in sum and substance that Mrs. Efem was mouthing off.

20. As a result of the defendant officers' actions, Mrs. Efem sustained injuries to her shoulders, neck, back and wrists, including left rotator cuff tendinosis with interstitial tears.

21. Thereafter, defendants Caro and Shamberger imprisoned plaintiff in their police vehicle, and then in the 120th Police Precinct stationhouse, until her arraignment in Richmond County Criminal Court on baseless criminal charges filed under docket number 2008RI01094; said charges having been filed based on the false allegations of defendant Shamberger that Mrs. Efem had operated her vehicle recklessly and resisted arrest.

22. The defendants initiated said criminal prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

23. The malicious prosecution compelled Mrs. Efem to return to Court five times until May 27, 2009, when the false misdemeanor charges filed against her of reckless driving and resisting arrest, the latter being a crime punishable up to a year in jail, were dismissed. Mrs. Efem agreed to plead guilty to Vehicle and Traffic Law § 1122, overtaking a vehicle on the left, a traffic infraction.

24. Defendant Caro supervised defendant Shamberger and approved of, oversaw, and otherwise presided over and participated in the defendants' failure to intervene in defendant Caro's excessive use of force against plaintiff, false arrest and malicious prosecution of plaintiff.

25. All of the above occurred while defendant police officers Shamberger and Caro participated in and/or failed to intervene in the illegal conduct described herein.

4

26. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to her race and/or nationality.

27. The aforesaid event is not an isolated incident. Defendant City of New York ("City") is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the City's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

28. Defendant City is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29. Moreover, upon information and belief, defendant City was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them.

30. As a result of the foregoing, plaintiff Cecilia Efem sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and her constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff CECILIA EFEM, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff CECILIA EFEM'S constitutional rights.

40. As a result of the aforementioned conduct of defendants, plaintiff CECILIA EFEM, was subjected to excessive force and sustained physical injuries and emotional distress.

41. As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants arrested plaintiff CECILIA EFEM without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

44. Defendants caused plaintiff CECILIA EFEM to be falsely arrested and unlawfully imprisoned.

45. As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants initiated, commenced and continued a malicious prosecution against plaintiff CECILIA EFEM.

48. Defendants caused plaintiff CECILIA EFEM to be prosecuted for crimes without any probable cause, until the misdemeanor charges were dismissed on or about May 27, 2009.

49. As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants issued criminal process against plaintiff CECILIA EFEM by causing her arrest and prosecution in Richmond County Criminal Court.

52. Defendants caused plaintiff CECILIA EFEM to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

53. As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants had an affirmative duty to intervene on behalf of plaintiff CECILIA EFEM, whose constitutional rights were being violated in their presence by other officers.

56. The defendants failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiff CECILIA EFEM, was subjected to excessive force, unreasonably delayed medical attention, she was put in fear of her safety, and she was humiliated.

58. As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The defendants subjected plaintiff CECILIA EFEM to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

61. As a result of the foregoing, plaintiff CECILIA EFEM, was deprived of her rights under the Equal Protection Clause of the United States Constitution.

62. As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1"through "62" with the same force and effect as if fully set forth herein.

64. The supervisory defendant personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65. As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting citizens to

excessive force and then falsely arresting and maliciously prosecuting those individuals in an effort to cover up their use of excessive force. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff CECILIA EFEM'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CECILIA EFEM.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CECILIA EFEM, as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CECILIA EFEM, as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CECILIA EFEM was subjected to excessive force.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CECILIA EFEM'S constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff CECILIA EFEM of

federally protected rights, including, but not limited to, the right:

    A.    To be free from the use of excessive force;

    B.    To be free from false arrest;

    C.    To be free from malicious prosecution;

    D.    To be free from malicious abuse of process;

    E.    To be free from the failure to intervene; and

    F.    To receive equal protection under law.

75.    As a result of the foregoing, plaintiff CECILIA EFEM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CECILIA EFEM demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 6, 2011

                  LEVENTHAL & KLEIN, LLP
                  Attorneys for Plaintiff Cecilia Efem
                  45 Main Street, Suite 230
                  Brooklyn, New York 11201
                  (718) 722-4100

By: _____
            BRETT H. KLEIN (BK4744)